# DENT v. FERGUSON.

ORIGINAL MOTION IN AN APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 269.  Submitted March 18, 1889. — Decided April 1, 1889.

Under the circumstances set forth in the motion papers below, the court, as to so much of the record as was printed by order of the court below, dispenses with the filing of ten of the twenty-five copies required by Rule 10 to be printed for the use of the court and counsel, and remits the clerk's fees for supervision of printing.

THIS was a motion, entitled in No. 269, "to suspend section 2, rule 10, and so much of the rules, as requires 25 copies to be filed, and allowing 15 copies to be filed instead." The motion and supporting papers were as follows:

*To the Honorable the Chief Justice and Associate Justices of the Supreme Court of the United States.*

PETITION OF APPELLANTS

To suspend Section 2, Rule 10, and so much of Rule    as requires 25 copies to be filed, and allowing 15 copies to be filed instead.

George G. Dent, Sarah L. Dent, H. G. Dent, Jr., Susan Dent, appellants herein, respectfully state to your Honors, that when this cause was heard in the court below, before Mr. Justice Stanley Matthews and the Hon. E. S. Hammond, it was ordered by them that the entire record be printed out of the funds in the hands of the Receiver, which was done at a cost of about one thousand dollars, ($1000,) and the records were printed in size and form required by the rules of this court, with the assurance that when the cause came to this court a reprint would not be required of any portion of the record, except such as might be made after the cause was heard, and such printing was accordingly done under the supervision of the Clerk of the United States Circuit Court at Memphis, who was paid therefor the sum of $500.

Since the cause came to this court, and on the 7th day of July, 1888, the Clerk of this court sent petitioners a notice that it would require $1825 to print the record, to wit:

| | |
|---|---:|
| Clerk's Fees . . . . . . . . . . . . . | $ 800.00 |
| Printing . . . . . . . . . . . . . | 1050.00 |
| | $1850.00 |
| Less sum deposited . . . . . . . . | 25.00 |
| | $1825.00 |

A copy of which letter is made Exhibit A hereto.

They further represent that the Clerk of this court has notified them that if they could furnish twenty-five copies and $100 to print the record, not already printed, and his fee of $800 for supervising the whole record, that the transcript could be gotten ready.

Petitioners can furnish fifteen copies of the record as already

printed, and can raise the $100 to pay the additional printing, but are powerless to raise the $800 charge of the Clerk for supervising the printing, which petitioners insist should only include so much of the record as has not been heretofore printed, and which the Clerk estimates at $100.

They are poor, and are informed and believe they will be able to so change the decree as made, as to give them substantial relief.

They file herewith the certificates of the Hon. E. S. Hammond, Judge, and J. B. Clough, Clerk of the court, in corroboration of this their statement, and ask that upon the filing of fifteen copies of the record so printed and depositing the $100 estimated cost of printing the balance of the record, and whatever is proper cost to the Clerk of this court for supervising the printing of the remaining unprinted record, that they be allowed to have the record printed and their rights determined. All of which is respectfully submitted.

D. H. POSTON,
*Solicitor for Petitioners.*

At the request of counsel, I will state that at the time the printing was ordered in the Circuit Court Mr. Justice Matthews stated in substance that he would see that the printing need not be duplicated in the Supreme Court, by which I understood that he would ask that court to so direct.

E. S. HAMMOND,
*U. S. District Judge.*

January 24, 1889.

MEMPHIS, TENNESSEE, January 24, 1889.

I was not Clerk of the United States Circuit Court when the record in the above case was printed, but under an order of the court, (printed record, p. 130,) as Master in Chancery, had the record as it then existed, printed, and for my services in that regard was paid by the Receiver, by direction of the court, the sum of five hundred dollars.

JOHN B. CLOUGH.

I, T. B. EDGINGTON, counsel for Isaac Ferguson and others, complainants in cause No. 269, October Term, 1888, acknowledge service of a copy of this record, and notice, and consent that the record as made may be handed to the Supreme Court of the United States for its action, waiving any objections that I may be entitled to.

January 23, 1889.

## EXHIBIT A.

### SUPREME COURT OF THE UNITED STATES.

WASHINGTON, D. C., July 7, 1888.

SIR — It becomes necessary, under the provisions of Rule 10, that your clients immediately provide the money necessary to pay for printing the record and the clerk's fees, in the case of Geo. G. Dent, *et al.*, appellants, *v.* Isaac A. Ferguson, *et al.*, No. 269, October Term, 1888. This is the only notice that will be given you by the clerk, and if the parties fail to comply, the case when reached in the regular call of the docket will be dismissed pursuant to section 2 of said rule.

In this case the amount estimated is as follows, viz.:

| | |
|---|---|
| Clerk's fees . . . . . . . . . . . . | $800 00 |
| Printing . . . . . . . . . . . . . . | 1050 00 |
| Total . . . . . . . . . . . . . . | $1850 00 |
| Deduct amount on deposit . . . . . . . | $25 00 |
| Total amount to be furnished . . . . | $1825 00 |

The amount paid for printing and clerk's fees, in case of a reversal of the judgment or decree, will be taxed on the mandate, and be recoverable from the unsuccessful party.

The fees accruing to the clerk belong to the United States, and it is his duty to collect them.

See Rule 10, secs. 2 and 6, and an extract from the decision of the court in *Steever* v. *Rickman*, printed on the back of this notice.

Respectfully, etc.,

JAMES H. McKENNEY, *Clerk.*

January 24, 1889.

*Mr. Edgington :*

I send petition and agreement written by Dave Poston, who left last night for New York. He will be in Washington in three days, and said you would sign and I must forward to him.

Respectfully,

C. W. FRAZER.

January 24, 1889.

*Col. C. W. Frazer :*

DEAR SIR — On considering of this matter, I don't believe I could sign this waiver of notice. The matter has now been delayed so long that we could not get ready to try the case at this term after printing the record. I would like to accommodate both you and Poston, but I am satisfied that I could not secure the approval of my clients at this late day in the course suggested.

Yours truly,

T. B. EDGINGTON.

*Mr. A. B. Browne* and *Mr. D. H. Poston* for the motion.

No one opposing.

PER CURIAM: On consideration of the motion for leave to furnish fifteen copies of the record as already printed, and for a remission of the clerk's fee for supervising the printing, it is now here ordered by the court that, upon the appellants' filing fifteen copies of the record as already printed, and making payment of $100 as for cost of additional printing required, that the balance of the estimated costs be remitted.